IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01427-WYD-CBS

MICHAEL BIEN,
    Plaintiff,
v.

KEVIN STURCH,
    Defendant.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on the parties' "Joint Motion for Relief from Judgment under Fed. R. Civ. P. 60(a) and for Stipulated Dismissal with Prejudice" (filed January 8, 2008 (doc. # 17)). Pursuant to the Order of Reference dated July 17, 2007 (doc. # 5) and the memorandum dated January 8, 2008 (doc. # 18), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, the entire case file, and the applicable law and is sufficiently advised in the premises.

    On November 2, 2007, Mr. Bien filed *pro se* his "Motion is Dismissal [sic] under Fed. R. Civ. P. 41(a)," indicating his intent "to refile a case . . . ." (*See* doc. # 14). On November 2, 2007, the court entered an Order treating Mr. Bien's Motion as a voluntary dismissal of this civil action pursuant to Fed. R. Civ. P. 41(a)(1). In its Order, the court erroneously noted that no answer or motion for summary judgment had been filed. Defendant Sturch had filed his Answer on July 27, 2007. (*See* doc. # 6). The parties now seek relief pursuant to Fed. R. Civ. P. 60(a) from the court's Order of voluntary

1

dismissal and request that the court enter an order granting the parties' stipulated dismissal with prejudice.

Fed. R. Civ. P. 60(a) provides that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." Here, the court entered its November 2, 2007 Order based on the misapprehension that Defendant had not filed an answer. The court concludes that it is appropriate to correct the November 2, 2007 Order. *See, e.g., United States v. Morales*, 108 F.3d 1213, 1224 (10th Cir. 1997) (where amended complaint had been placed in court file without filing the document, court determined a clerical error had been made under Rule 60(a) and ordered that record be corrected to show filing of amended complaint); *In re Gledhill*, 76 F.3d 1070, 1075 n. 3 (10th Cir. 1996) (remanding pursuant to Rule 60(a) to the district court with directions to amend an order to accurately depict the statutory authority for the court's ruling); *Pratt v. Petroleum Production Management Inc.*, 920 F.2d 651, 653 n. 5 (10th Cir. 1990) (remanding pursuant to Rule 60(a) to district court to correct clerical error and include prejudgment interest in an amended judgment); *Trujillo v. Longhorn Mfg. Co., Inc.*, 694 F.2d 221, 226 (10th Cir. 1982) (augmentation of damages award was proper under Rule 60(a) for judgment to conform to court's intention); *Security Mut. Cas. Co. v. Century Cas. Co.*, 621 F.2d 1062, 1065 (10th Cir. 1980) (Rule 60(a) may not be used to change something which has been deliberately done). Accordingly,

IT IS RECOMMENDED that:

1.      The parties' "Joint Motion for Relief from Judgment under Fed. R. Civ. P. 60(a) and for Stipulated Dismissal with Prejudice" (filed January 8, 2008) (doc. # 17) be GRANTED.

2.      The court's November 2, 2007 Order pursuant to Fed. R. Civ. P. 41(a)(1)(i) be corrected to order dismissal with prejudice by stipulation pursuant to Fed. R. Civ. P. 41(a)(1)(ii).

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80

(10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 11th day of January, 2008.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge